MEMORANDUM OPINION
{¶ 1} On October 10, 2008, appellant, Allen Segedy, pro se, filed a notice of appeal from a September 25, 2008 judgment entry of the Geauga County Court of Common Pleas. *Page 2 
 {¶ 2} By way of background, a complaint for judicial dissolution in this matter was filed on August 12, 2005, by appellee, Linda L. Bluso, successor trustee of Michael D. Bluso, Sr. Trust. The trial court entered its decree of judicial dissolution and entry of final judgment on June 9, 2008. In that entry, the trial court ordered that Moon Road Development, LLC be judicially dissolved, ordered that the receiver deliver to the Ohio Secretary of State for filing a certificate of dissolution, approved the final report of the receiver and ordered the receiver to distribute the remaining funds, and entered final judgment on the verified complaint for judicial dissolution. Thereafter, on September 3, 2008, Allen filed a motion for new trial pursuant to Civ. R. 59. The September 25, 2008 entry appealed from denied Allen's motion for new trial as untimely.
 {¶ 3} On October 21, 2008, Linda filed a motion to dismiss the appeal as untimely. In her motion, Linda argues that this court lacks jurisdiction to hear this appeal because Allen's motion for new trial was not timely filed and the motion did not toll the thirty-day period for filing his notice of appeal.
 {¶ 4} Allen filed an "Objection to Appellee['s] Motion to Dismiss" on October 31, 2008, in which he alleges that his motion for new trial was timely filed.
 {¶ 5} App. R. 4(A) states that:
 {¶ 6} "A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 7} Civ. R. 4(B)(2) states, in pertinent part: *Page 3 
 {¶ 8} "* * * In a civil case * * * if a party files a timely motion for * * * a new trial under Civ. R. 59(B) * * * the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered."
 {¶ 9} As stated above, a timely filed motion for new trial tolls the time in which to file a notice of appeal from an entry of final judgment. Under Civ. R. 59(B), "[a] motion for a new trial shall be served not later than fourteen days after the entry of judgment." Such a motion that is filed almost three months after the entry of final judgment is untimely and does not toll the time period. M. Friedman Mgt.Co. v. Malek (Dec. 3, 1993), 11th Dist. No. 93-L-022, 1993 Ohio App. LEXIS 5757, at *5.
 {¶ 10} In the case at bar, Allen served and filed his motion for new trial on September 3, 2008, which was eighty-six days after the June 9, 2008 entry of final judgment. The motion for new trial was filed well beyond the fourteen-day time period prescribed in Civ. R. 59(B), and therefore, did not toll the time period in which Allen could file his notice of appeal with this court. Thus, this court lacks jurisdiction to entertain the appeal due to untimeliness.
 {¶ 11} Based upon the foregoing analysis, Linda's motion to dismiss the appeal is granted, and this appeal is dismissed due to lack of jurisdiction.
 {¶ 12} Appeal dismissed.
 DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1